UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JUSTIN B., | ) |
| | ) |
|         Plaintiff | ) |
| | ) |
| v. | )    No. 2:23-cv-00305-LEW |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|         Defendant | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in rejecting a functional capacity evaluation (FCE) by physical therapist Eileen Connal, P.T. *See* Plaintiff's Brief (ECF No. 13) at 7-9. I discern no error and, accordingly, recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that, through December 31, 2021, the Plaintiff's date last insured (DLI) for SSD benefits, he had severe impairments of degenerative disc disease, reconstruction of the left knee anterior cruciate ligament, and allodynia of the bilateral lower extremities from a crush injury, *see* Record at 15; through his DLI, he retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could occasionally push and pull with his bilateral lower extremities; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; could not climb ladders, ropes, or scaffolds; needed

1

to avoid concentrated exposure to extreme cold; and could not work at unprotected heights, *see id.* at 18; through his DLI, he was capable of performing jobs existing in significant numbers in the national economy, *see id.* at 24; and he therefore had not been disabled from March 3, 2020, his alleged onset date of disability, through December 31, 2021, his DLI, *see id.* at 25. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff argues that reversal and remand are required because the ALJ wrongly discounted the Conall opinion, one of four expert functional capacity

evaluations the ALJ considered. *See* Plaintiff's Brief at 7-9; Record at 21-23. I find no basis on which to disturb the ALJ's decision to accord that opinion little weight.

"As [the First Circuit] ha[s] stated repeatedly, the ALJ's findings shall be conclusive if they are supported by substantial evidence, and must be upheld if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion, even if the record could also justify a different conclusion." *Applebee v. Berryhill*, 744 F. App'x 6, at *1 (1st Cir. 2018) (cleaned up). "In applying the substantial evidence standard, [the First Circuit] bear[s] in mind that it is the province of the ALJ, not the courts, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence." *Id.* (cleaned up).

The Plaintiff attempts to surmount this deferential standard by arguing that none of the ALJ's rationales for discounting the Conall opinion withstand scrutiny. *See* Plaintiff's Brief at 7-9. I find otherwise, concluding that the ALJ's assessment of the Conall opinion is supported by substantial evidence.

The ALJ explained that he found the May 27, 2021, opinion of agency nonexamining consultant Benjamin Weinberg, M.D., on initial review unpersuasive because it was not restrictive enough, the May 9, 2022, opinion of agency nonexamining consultant Melanie Thompson, M.D., on reconsideration largely persuasive, the May 22, 2021, opinion of agency examining consultant Jeannie Ross, A.R.N.P., largely unpersuasive because it was overly restrictive, and the

3

October 11, 2022, opinion of N.P. Connal unpersuasive because it was overly restrictive.  *See* Record at 21-23.

P.T. Connal explained that she did not perform certain testing because the Plaintiff's resting heart rate and blood pressure were above levels considered safe per the testing protocol and because he "reported [a] pain level of a 10/10 at the start of and during FCE testing," which "significantly impacted his performance and the results of this assessment."  *Id*. at 361.  However, she assessed limitations in the Plaintiff's ability to sit, stand, walk, reach, balance, and finger or grasp with both hands.  *See id*. at 363, 367.  The ALJ declined to adopt P.T. Connal's contentions "due to deficiencies of both support and consistency."  *Id*. at 22.  He explained that:

- Despite P.T. Connal's "indication that much of the normal testing was for[]gone[] due to complaints of pain, . . . even the evaluations that *were* performed fail to support the contended limitations."  *Id*.  "For example, Ms. Connal opined the [Plaintiff was] limited to occasional fingering despite simultaneously noting that no manipulative deficits were observed."  *Id*. (cleaned up).

- P.T. Connal "indicated that, due to the [Plaintiff's] use of heart-rate-altering medication, his aerobic capacity could not be determined or considered in determining exertional ability, but then contradictorily relied on the [Plaintiff's] elevated heart rate to justify failure to administer much of the normal testing."  *Id*. (cleaned up).

4

- P.T. Connal attributed the Plaintiff's test-limiting pain to Complex Regional Pain Syndrome (CRPS), which the ALJ found not to be a medically determinable impairment. *See id*.

- The FCE "occurred 10 months after" the Plaintiff's December 31, 2021, DLI, and P.T. Connal did not indicate that her opinion "relate[d] back to the date last insured, or earlier." *Id*.

- P.T. Connal's opinion was inconsistent with other evidence of record, "including evidence of normal grip, normal motor function, and independent gait." *Id*. at 22-23 (cleaned up).

The Plaintiff first argues that the ALJ failed to address "the most material aspects" of the Connal evaluation: that he "could not safely be assessed with any capacity for lifting and carrying weight with his upper extremities on a sustained basis in a workplace setting," "was limited to no more than occasional standing and walking with an observed need for frequent position changes," and "required use of a hand-held assistive device (a cane) while ambulating." Plaintiff's Brief at 8.

The ALJ did not ignore those findings. He supportably found a contradiction between N.P Connal's statement that the Plaintiff's use of heart-rate-altering medication precluded consideration of his heart rate in determining his exertional capacity and her reliance on his "elevated heart rate to justify failure to administer much of the normal testing." Record at 22, 361, 364. He reasonably discounted N.P. Connal's report that the Plaintiff had "test-limiting pain" on the basis that she attributed that pain to CRPS, which was not a medically determinable impairment

pursuant to Social Security regulations. *Id*. at 22; *see also id*. at 17, 361. Finally, he explained that he considered N.P. Connal's notation that the Plaintiff used "a single-point cane for ambulation . . . highly inconsistent" with "the vast majority of the [Plaintiff's] gait assessments of record," which "describe [his] gait as independent, without noted use/need of assistive device." *Id*. at 17 (cleaned up).

The Plaintiff next contends that the ALJ erroneously disregarded P.T. Connal's opinion that she considered the results of her evaluation "an accurate representation" of [his] functional abilities" in view of his "consistent reports of pain and associated physiological markers, as well as observed functional abilities that were consistent with the musculoskeletal screen." Plaintiff's Brief at 8 (cleaned up). Again, the ALJ did not ignore that finding: he discredited it based on P.T. Connal's attribution of the Plaintiff's "test-limiting pain" to CRPS, which was not a medically determinable impairment. *Id*. at 22.

The Plaintiff finally argues that the ALJ erred in relying on the ten-month gap between his DLI and the Connal evaluation when there was "no indication of any intervening injury that had . . . substantially altered his functional abilities and limitations after his DLI." Plaintiff's Brief at 9. At oral argument, his counsel cited *Dale W. v. Berryhill*, No. 2:17-cv-00213-JDL, 2018 WL 4520195 (D. Me. Aug. 15, 2018), for the proposition that this was reversible error.

*Dale W.* is distinguishable. In that case, the Court held that remand was required when the ALJ ignored 2016 evidence from a neurosurgical and spine specialist "plausibly suggest[ing] degeneration" of the claimant's back condition after

6

the ALJ had explicitly relied in part on a "lack of medical records from 2015 to 2016 showing degeneration" to find that the claimant had not been disabled as of his DLI of December 31, 2015. *Dale W.*, 2018 WL 4520195, at *2-3. In this case, by contrast, the ALJ considered the Connal evidence and supportably declined to adopt it on several bases, including that it postdated the Plaintiff's DLI by ten months, did not purport to be retroactive to the relevant time period, and was discrepant with evidence predating the Plaintiff's DLI.

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: April 24, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge